UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-1585-DMG (FFMx)** | Date | March 27, 2019 |
| Title | *Katherine Weaver v. City of Montebello* | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE WHY COURT SHOULD NOT DISSOLVE TEMPORARY RESTRAINING ORDER AS IMPROVIDENTLY GRANTED**

On March 19, 2019, the Court issued an Order granting Plaintiff Katherine Weaver's *Ex Parte* Application for a Temporary Restraining Order ("TRO Application"). [Doc. # 13 ("TRO Order").] Defendant City of Montebello did not oppose the TRO Application. The TRO Order stated that Defendant's deadline to oppose Plaintiff's resulting Motion for Preliminary Injunction was March 25, 2019. Defendant once again failed to file an opposition.

Prior to the TRO Order, the Court informed Plaintiff on March 15, 2019 that it could not rule on her TRO Application until she filed a declaration setting forth the time and date that she served Defendant with the relevant documents. [Doc. ## 9, ("Initial Standing Order") at 10 (requiring service of *ex parte* applications), 10 ("March 15 Order").] Plaintiff's counsel subsequently attested that he emailed the documents to a lawyer at the firm of Alvarez-Glasman & Colvin. [Doc. # 11 at ¶ 3.] He also stated that another lawyer from that firm later confirmed receipt of the documents and confirmed that he represented Defendant. *Id.* at ¶ 4. Plaintiff's counsel then corresponded with that lawyer in response to the case's reassignment to this Court and the Court's March 15 Order. *Id.* at ¶¶ 4-6.

Upon further review of the declaration, it is unclear to the Court that Plaintiff's initial service of the required documents on Defendant was proper. While Plaintiff's counsel's declaration states that the lawyers at Alvarez-Glasman & Colvin represent Defendant, it does not state that the firm is authorized to accept service on Defendant's behalf. Indeed, "the fact that an attorney is counsel for a party does not make that attorney the party's agent for service of process." *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 391 (S.D.N.Y. 2010) (citing *United States v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997)); *see also In re Smith*, 350 F. App'x 162, 163 (9th Cir. 2009) (citing *Rubin v. Pringle (In re Focus Media, Inc.)*, 387 F.3d 1077, 1081, 1083 (9th Cir. 2004) ("the critical inquiry in determining whether an attorney is authorized to accept service of process is whether the client

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-1585-DMG (FFMx)** | Date | March 27, 2019 |
|---|---|---|---|
| Title | *Katherine Weaver v. City of Montebello* | Page | 2 of 2 |

acted in a manner that expressly or impliedly indicated the grant of such authority") (internal quotations and citations omitted)).

As a result, the Court cannot be sure that Plaintiff complied with the Initial Standing Order's requirement that parties moving for *ex parte* relief must serve their applications on opposing parties. Plaintiff is therefore **ORDERED TO SHOW CAUSE** why the Court should not dissolve the TRO as improvidently granted and reschedule a hearing on Plaintiff's motion for preliminary injunction after Defendant makes its appearance. **Plaintiff shall file a written response to this Order by March 28, 2019 at 12:00 p.m.**

**IT IS SO ORDERED**.